IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 98-60209
Summary Calendar
_____

In the matter of: JAMES SUMRALL; JATAUN SUMRALL

Debtor.

JAMES SUMRALL; JETAUN
SUMRALL

                                    Appellants,
                    versus


GREEN TREE FINANCIAL SERVICING
CORPORATION

                                    Appellee.

_____

Appeal from the United States District Cour
for the Southern District of Mississippi
(3:97-CV-773-BN)

_____

May 5, 1999

Before HIGGINBOTHAM, JONES and DENNIS, Circuit Judges.

PER CURIAM:[*]

This is an appeal of a bankruptcy case, affirmed by the
district court, lifting the automatic stay on a mobile home
purchased by James Sumrall under a retail installment contract.
Paragraph 7 of the contract provides, "I will . . . not attach the
Manufactured home to any real estate and the manufactured Home will
always be treated as personal property unless you consent in
writing and state law permits such contrary treatment."  The mobile

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

home was affixed to real property jointly owned by Jetaun Sumrall, James Sumrall's wife, and her sister.  The debtors claim that Jetaun Sumrall has a legal and/or equitable interest in the mobile home and that she is therefore entitled to the benefit of the automatic stay.

This is the Sumrall's third bite at the bankruptcy apple.  On January 11, 1996, James Sumrall filed a Chapter 13 bankruptcy petition.  On April 29, 1996, in response to Green Tree's objection to the confirmation filed on March 1, 1996, the bankruptcy court entered an order providing that in the event the debtor became sixty days delinquent under its Chapter 13 terms, "Green Tree's collateral will be automatically abandoned and the automatic stay of 11 U.S.C. § 362 shall immediately terminate as to any and all of Green Tree's collateral without further order of this court." Meanwhile, on April 10, 1996, the Trustee filed a motion to dismiss the case which was granted on May 15, 1996.

In October 1996, James Sumrall filed a second Chapter 13 bankruptcy petition.  Two months after Green Tree filed an objection to the confirmation James Sumrall moved to dismiss the case.  On March 4, 1997, the bankruptcy court sustained Green Tree's objection to the confirmation and ordered that, pursuant to its April 29, 1996 order in the prior bankruptcy, Green Tree's collateral was abandoned and the automatic stay terminated without further order because the debtor was more than sixty days delinquent on the required plan payment.

2

On March 10, 1997, a third bankruptcy petition was filed jointly by James and Jetaun Sumrall. Green Tree moved to abandon collateral and lift the stay and for sanctions on April 14, 1997.[1] In their answer, the Sumralls conceded that the automatic stay had been lifted as to James Sumrall's interest in the collateral, but that Jetaun Sumrall maintained a property interest in the mobile home as a homestead.

Both the bankruptcy and district courts rejected such arguments. We agree. Furthermore, according to the bankruptcy court's docket sheet, on September 3, 1997, Green Tree was granted the right to immediately proceed to repossess and liquidate its collateral. The debtors agreed to voluntarily vacate the mobile home. The Sumralls did not seek a stay of this ruling, and the collateral has been resold. Thus, with due consideration to the fact that this is the debtors' third maneuver to avoid Green Tree's recovery of its collateral, we find that this appeal is moot because effective judicial relief is no longer available. See In re Manges, 29 F.3d 1034, 1039 (5th Cir. 1994).

---

[1]During the motion to lift stay hearing on May 22, 1997, the bankruptcy court described this third filing as a "bad faith" filing, but no sanctions were granted.